

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 22, 2016

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No.: 16-10160-MKN |
| SERGE ARMANI and ALINA ARMANI, | Chapter 7 |
| Debtors. | |
| RAPID CAPITAL FINANCE, LLC, dba Rapid Capital Funding, a Florida limited liability company, | Adv. Proc. No.: 16-01054-MKN |
| Plaintiff, | |
| v. | Date:  August 17, 2016<br>Time: 9:30 a.m. |
| SERGE ARMANI and ALINA ARMANI, | |
| Defendants. | |

**ORDER ON DEBTORS-DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**[1]

On August 17, 2016, the court heard the Debtors-Defendants' Motion to Dismiss Adversary Complaint, or in the Alternative, Motion for Summary Judgment ("Dismissal Motion").  The appearances of counsel were noted on the record.  After arguments were

---

[1] In this Order, all references to "Section" or "§" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.  All references to "AECF No." are to the numbers assigned to the documents filed in the above-captioned adversary proceeding as they appear on the adversary docket maintained by the clerk of the court. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.  All references to "FRCP" are to the Federal Rules of Civil Procedure.

1

presented, the matter was taken under submission.

On January 14, 2016, Serge Armani and Alina Armani ("Debtors") filed a voluntary Chapter 7 petition. (ECF No. 1).

On March 2, 2016, creditor Rapid Capital Finance, LLC ("Plaintiff") commenced the above-captioned adversary proceeding by filing an adversary complaint ("Complaint"). (AECF No. 1). The Complaint that the Plaintiff made a cash advance to was an entity known as Miko, LLC ("Miko"), that is either owned, controlled, or a name under which the Debtors do business. The Complaint alleges that the Debtors misrepresented the nature of Miko's relationship to the Debtors, as well as the assets and liabilities of the entity, and the intended use of the cash advances. Plaintiff asserts that the balance of the cash advance is nondischargeable under Section 523(a)(2). The Complaint also alleges that the Debtors transferred or concealed property within one year before or after filing their Chapter 7 petition, concealed or destroyed records of Miko and their own, and made false representations in their bankruptcy schedules. As a result, Plaintiff also seeks to deny the Debtors' discharge under Sections 727(a)(2), 727(a)(3) and 727(a)(4).

On March 30, 2016, Debtors filed the instant Dismissal Motion seeking to dismiss the Complaint for failure to state a claim for relief under FRCP 12(b)(6), or, in the alternative, for summary judgment under FRCP 56(c). (AECF No. 8). Attached to the Dismissal Motion are separate affidavits of both Debtors attesting to various facts to dispute the allegations of the adversary complaint.

On May 31, 2016, Plaintiff filed its opposition to the Dismissal Motion, to which is attached numerous documents that were not attached to the complaint, including copies of pleadings filed in a prior state court action commenced by the Plaintiffs against Miko, and the Debtors. (AECF No. 11). Along with the opposition, Plaintiff submitted the declaration of Pernell Rachel, its director of collections, attesting to certain facts underlying Plaintiff's claims, including the alleged intentions of the Debtors to use the cash advances for personal purposes. (AECF No. 12).

On June 7, 2016, Debtors filed a reply. (AECF No. 14).

The hearing on the Dismissal Motion originally was noticed to be held on June 15, 2016 (AECF No. 9), but was continued on several occasions. After the Dismissal Motion was heard on August 17, 2016, the matter was taken under submission.

The court having considered the written and oral arguments of counsel, together with the affidavits, declarations, and exhibits submitted, concludes that the Dismissal Motion must be denied. Several reasons require this result.

First, because both parties have submitted evidence going far beyond the pleadings, i.e., the Complaint, the Dismissal Motion must be treated as one for summary judgment under FRCP 56. See FED.R.CIV.P. 12(d).[2] Under FRCP 56, summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Determinations of intent or credibility are generally ill-suited for disposition by summary judgment. See Fogel Legware, etc. v. Wills (In re Wills), 243 B.R. 58, 65 (B.A.P. 9th Cir. 1999). See also Reaves v. Thurston (In re Thurston), 2013 WL 3497674 at * 6 (B.A.P. 9th Cir. 2013); Osz v. Spilsbury (In re Spilsbury), 2011 WL 606776 at *2 (Bankr. S.D. Cal. 2011); Rollins v. Neilson (In re Cedar Funding, Inc.), 408 B.R. 299, 313 (Bankr. N.D. Cal. 2009).

Second, Plaintiff's claim under Section 523(a)(2)(A) requires proof, *inter alia*, of the Debtors' intent to deceive the creditor. See Turtle Rock Meadows, etc. v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000); Sachan v. Huh (In re Huh), 506 B.R. 257, 262 (B.A.P. 9th Cir. 2014). Likewise, if the Plaintiff's claim is based on a false financial statement, proof of intent to deceive is expressly required by the statute. See 11 U.S.C. § 523(a)(2)(B)(iv). Similarly, Plaintiff's claims under Sections 727(a)(2) and 727(a)(4) also require proof of the Debtors' wrongful intent. See 11 U.S.C. § 727(a)(2)(the court shall grant the debtor a discharge unless the debtor "with intent to hinder, delay or defraud" transferred or concealed property); In re Devers, 759 F.2d 751, 753 (9th Cir. 1985) (a false oath under Section 727(a)(4) requires proof of actual intent). Additionally, Plaintiff's claim under Section 727(a)(3) permits the Debtors to

---

[2] FRCP 56 applies in adversary proceedings pursuant to FRBP 7056, while FRCP 12 also applies pursuant to FRCP 7012.

credibly explain the deficiencies in their records, if any, upon proof that recorded information is not available. See generally, 6 COLLIER ON BANKRUPTCY, ¶ 727.03[4] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2016).

Third, a comparison between the affidavits submitted by the Debtors and the declaration of Plaintiff's officer expose genuine disputes of fact not only as to intentions of the Debtors, but also as to uses of the funds advanced by the Plaintiff, the information disclosed and not disclosed by the Debtors, and a variety of additional issues relevant to legal theories set forth in the Complaint. Moreover, the credibility of the Debtors' representations, and perhaps the Plaintiff's actual and justifiable reliance on the representations of the Debtors, also are subject to dispute.

Under these circumstances, the court concludes that the Debtors have failed to meet their threshold burden of establishing the absence of genuine disputes of material fact. As a result, the court must conclude that the Debtors are not entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that the Debtors-Defendants' Motion to Dismiss Adversary Complaint, or in the Alternative, Motion for Summary Judgment, Docket No. 8, be, and the same hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants shall file an answer to the complaint within fourteen calendar days after entry of this Order.

Copies sent to all parties via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

SERGE ARMANI
ALINA ARMANI
6549 GOSSAMER FOG AVE
LAS VEGAS, NV 89139

# # #